# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

DEBRA LYNN STOUT,

    Plaintiff,

vs.

PORTFOLIO-CEDAR RAPIDS, LLC; KRONOS HOTELS AND RESORTS; DESTINATION HOSPITALITY, LLC; CROWNE PLAZA FIVE SEASONS HOTEL; and ALPHA STAFF GROUP, INC.,

    Defendants.

No. 08-CV-73-LRR

**ORDER**

_____

## *I. INTRODUCTION*

The matter before the court is the Motion to Dismiss ("Motion") (docket no. 16), which was filed by Defendants Portfolio-Cedar Rapids, LLC, Kronos Hotels and Resorts and Crowne Plaza Five Seasons Hotel (collectively, "the Kronos Defendants").

## *II. RELEVANT PRIOR PROCEEDINGS*

On June 5, 2008, Plaintiff Debra Lynn Stout filed a four-count Complaint (docket no. 2)[1] against the Kronos Defendants, Destination Hospitality, LLC and Alpha Staff Group, Inc. (collectively, "all Defendants"). In Count I, Plaintiff alleges Sex Discrimination against all Defendants, in violation of 42 U.S.C. § 2000e *et seq.* ("Title VII"). In Count II, Plaintiff alleges Sex Discrimination against all Defendants, in violation of Iowa Code chapter 216 (2007). In Count III, Plaintiff alleges Age Discrimination against all Defendants, in violation of 29 U.S.C. § 621 *et seq.* ("ADEA"). In Count IV,

---

[1] The Complaint ostensibly contains a fifth count for "RELIEF." *See* Complaint (docket no. 2), at 7-8 (emphasis in original). Such count does not contain a claim, and thus the court ignores it.

Plaintiff alleges Age Discrimination against all Defendants, in violation of Iowa Code chapter 216.

On August 8, 2008, Defendant Alpha Staff Group, Inc. filed an Answer (docket no. 14), in which it denies the substance of the Complaint. Defendant Destination Hospitality, LLC has not responded to the Complaint.

On August 18, 2008, the Kronos Defendants filed the Motion. On August 28, 2008, Plaintiff filed a Resistance (docket no. 17). The Kronos Defendants did not file a reply. The Motion is fully submitted and ready for decision, and thus the court turns to consider it.

## III. STANDARD FOR MOTION TO DISMISS

### A. Standard of Review

The district court may dismiss a claim if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In assessing whether relief can be granted, the court must "accept as true all of the factual allegations contained in the [C]omplaint, and review the [C]omplaint to determine whether its allegations show that the pleader is entitled to relief." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)). "[P]laintiffs need not provide specific facts in support of their allegations, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (per curiam), but they must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf*, 517 F.3d at 549 (citing *Twombly*, 127 S. Ct. at 1964-65 & n.3).

### B. Scope of Review

Generally, a court reviewing a motion to dismiss pursuant to Rule 12(b)(6) only considers the factual allegations in the Complaint. *See, e.g., Riley v. St. Louis County of Mo.*, 153 F.3d 627, 629 (8th Cir. 1998). A district court "has complete discretion to

determine whether or not to accept any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion." *Stahl v. USDA*, 327 F.3d 697, 701 (8th Cir. 2003) (citation and internal quotation marks omitted). If the court accepts material beyond the pleadings, the motion to dismiss is generally converted into a motion for summary judgment under Federal Rule of Civil Procedure 56. *Id.*[2] If the court opts to convert the motion to dismiss into a motion for summary judgment, however, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

## IV. ANALYSIS

The Kronos Defendants argue the court must dismiss Counts I and III of the Complaint, pursuant to Rule 12(b)(6),[3] because the Kronos Defendants (1) did not employ Plaintiff and (2) do not employ more than fifteen persons. In other words, the Kronos Defendants argue that Plaintiff cannot prove that any of the Kronos Defendants are an "employer" as defined in Title VII or the ADEA. *See* 42 U.S.C. § 2000e-(b) ("The term 'employer' means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year . . . ."); 29 U.S.C. § 630(b) ("The term 'employer' means a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year . . . .").

In support of the Motion, the Kronos Defendants filed the affidavit of Lekeisha

---

[2] Courts have created exceptions to the conversion principle for public records and other materials not present in the Motion. *See, e.g., Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

[3] The Kronos Defendants do not explicitly cite Rule 12(b)(6) but invoke the language thereof.

3

Johnson, Esq. In such affidavit, Ms. Johnson, in-house counsel for the Kronos Defendants, testifies in a conclusory manner that (1) the Kronos Defendants did not employ Plaintiff and (2) none of the Kronos Defendants have employed more than fifteen employees "during the relevant times in the past." *See* Johnson Affidavit (docket no. 16-3), at 2. The Kronos Defendants ask the court to accept Ms. Johnson's testimony as true, dismiss Counts I and III for failure to state a claim upon which relief may be granted, Fed. R. Civ. P. 12(b)(6), and then decline to exercise supplemental jurisdiction over Counts II and IV, Plaintiff's state-law claims, pursuant to 28 U.S.C. § 1367(c).

The Motion is not well-taken. As Plaintiff points out in her Resistance, Plaintiff specifically alleges in her Complaint that all of the Kronos Defendants employed her at all relevant times. Complaint at ¶ 4. Further, Plaintiff alleges that all of the Kronos Defendants employed more than twenty employees at all relevant times. *Id.* at ¶ 10. The court accepts Plaintiff's allegations in her Complaint as true, *Schaaf*, 517 F.3d at 549, and declines to consider Ms. Johnson's conclusory and extrinsic affidavit, *Riley*, 153 F.3d at 629 (8th Cir. 1998), *Stahl*, 327 F.3d at 701. In other words, the court declines to convert the Motion into a motion for summary judgment.[4]

### V. CONCLUSION

The Motion (docket no. 16) is **DENIED**.

---

[4] The numerosity requirements of Title VII and the ADEA are elements of Plaintiff's claims, not jurisdictional issues. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 516 (2006) (Title VII); *Guy v. Colonial Bank*, No. 2:06-CV-271-WKW-DRB, 2006 WL 4005321, *2 n.1 (M.D. Ala. Dec. 15, 2006) (extending *Arbaugh* to the ADEA) (citing *Faulkner v. Woods Transp., Inc.*, 174 F.App'x 525, 528 (11th Cir. 2006)). Accordingly, the more liberal Rule 12(b)(1) procedure does not apply. *See, e.g., Johnson v. United States*, 534 F.3d 958, 964 (8th Cir. 2008) (quoting *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995)) ("Trial courts have 'wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1).'"). Out of an abundance of caution, counsel for Plaintiff presented the court with competent evidence that appears to contradict Ms. Johnson's affidavit.

**IT IS SO ORDERED.**

**DATED** this 3rd day of November, 2008.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA